UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | ) | CR 20-261 DSD/TNL |
| --- | --- | --- |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| ADITYA RAJ SHARMA, | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| Defendant. | ) | |

The UNITED STATES GRAND JURY charges:

### General Allegations

At times relevant to this Indictment:

*The Defendant and Related Entities*

1. Defendant ADITYA RAJ SHARMA was a resident of Maple Grove, in the State and District of Minnesota.

2. Crosscode Inc. ("Crosscode") was a cloud-based software development company registered in Delaware and headquartered in Foster City, California. Defendant SHARMA originally founded Crosscode in 2015, and thereafter held various positions including chief executive officer and president. On or about November 13, 2019, defendant SHARMA was notified that—effective immediately—Crosscode's board of directors had removed him as an officer of Crosscode and terminated his employment for cause. Defendant SHARMA also knew that he was not the 100% shareholder of Crosscode's shares.

3. Kloudgaze Inc. ("Kloudgaze") was a company that claimed to design cloud-computing technology, which defendant SHARMA created and registered in



Delaware on or about May 18, 2020. Defendant Sharma was Kloudgaze's president and chief executive officer.

4. Through at least July 2020, defendant SHARMA did not report to the State of Minnesota the payment of any wages to a single Kloudgaze employee.

5. At no point did defendant SHARMA's former company, Crosscode, do business under the name Kloudgaze.

### *The U.S. Small Business Administration*

6. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

7. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

### *CARES Act and Paycheck Protection Program*

8. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

9. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to certify, among other things: (a) that the small business was in operation on February 15, 2020; (b) average monthly payroll expenses; and (c) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

10. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were guaranteed by the SBA. Data from the application, including the information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

11. PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items

within a designated period of time and used a certain portion of the loan towards payroll expenses. .

*Relevant Financial Institutions and Related Entities*

12. Bank 1 was a federally insured financial institution based in Ogden, Utah. Bank 1 participated in the SBA's PPP as a lender, and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

13. Bank 2 was a federally insured financial institution based in Minneapolis, Minnesota, with multiple branch locations, including in Maple Grove, Minnesota. Defendant SHARMA maintained accounts at Bank 2 for which he was the sole account signatory.

14. Bank 3 was a federally insured financial institution based in Minneapolis, Minnesota, with multiple branch locations, including in Maple Grove, Minnesota. Defendant Sharma maintained personal accounts at Bank 3 for which he had signatory authority.

15. Company 1 was a business that specialized in, among other things, providing an internet platform for borrowers to apply for SBA-related financing. Company 1 was based in San Francisco, California. Company 1 participated in the SBA's PPP by, among other things, acting as a service provider between small businesses and certain banks, including Bank 1. Small businesses seeking PPP loans could apply through Company 1 for PPP loans. Company 1 would review the loan applications. If a loan application received by Company 1 was approved for funding, a partner bank, such as Bank 1, disbursed the loan funds to the applicant.

4

## COUNT 1
(Wire Fraud)

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Beginning in or around April 2020, and continuing until at least in or around October 2020, in Maple Grove, Minnesota, which is within the District of Minnesota, and elsewhere, the defendant,

**ADITYA RAJ SHARMA,**

did knowingly devise and participate in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

18. More specifically, defendant SHARMA devised a scheme to defraud Bank 1, Company 1, and the SBA by filing a false and fraudulent application for PPP funds. The purpose of the scheme was for defendant SHARMA to unjustly enrich himself by obtaining PPP loan proceeds under false and fraudulent pretenses, including by submitting fabricated supporting bank records, making false statements about the number of employees and the amount of payroll expenses, and making false statements about the intended use of the loan proceeds.

19. In furtherance of the scheme, on or about April 26, 2020, defendant SHARMA submitted a false and misleading PPP application ("PPP Application 1") to Bank 1 and Company 1, which defendant SHARMA claimed to submit in the name of "Crosscode dba Kloudgaze." PPP Application 1 sought approximately $562,500 in PPP funds and was signed by defendant SHARMA. In addition, defendant SHARMA

certified that PPP Application 1 and the information provided in all supporting documents and forms was true and accurate.

20. On PPP Application 1, defendant SHARMA falsely stated that "Crosscode dba Kloudgaze" was in operation on February 15, 2020, despite the fact that defendant SHARMA, as he well knew, did not create Kloudgaze until on or about May 18, 2020. In addition, as defendant SHARMA well knew, Crosscode never did business in the name of Kloudgaze. Defendant SHARMA further falsely stated in PPP Application 1 that he was the 100% owner and "CEO" of Crosscode, which, as defendant SHARMA knew at the time, was a false description of his position and ownership concerning Crosscode.

21. It was further part of the scheme that defendant SHARMA falsely stated on PPP Application 1 that the average monthly payroll of "Crosscode dba Kloudgaze" was $225,000, and that the company had approximately 29 employees.

22. It was further part of the scheme that defendant SHARMA falsified bank account records in support of PPP Application 1 unbeknownst to Bank 1, Company 1, and Crosscode. More specifically, defendant SHARMA provided Bank 1 and Company 1 with an altered and falsified monthly statement that purported to be a Crosscode bank statement for an account maintained at Bank 3. However, in fact, and as defendant SHARMA knew at the time, "Crosscode dba Kloudgaze" maintained no such accounts at Bank 3. Instead, in support of PPP Application 1 and in order to deceive Bank 1 and Company 1, defendant SHARMA submitted a bogus bank account statement that he created, which misappropriated information from an older Crosscode bank statement.

23. On or about April 25, 2020, Company 1 requested clarification and additional substantiation from defendant SHARMA regarding his pending PPP Application 1. In order to further deceive and to stave off inquiry, defendant SHARMA responded to Company 1 with additional false statements and misrepresentations regarding his position and ownership concerning Crosscode as well as Crosscode's purported business affiliation with Kloudgaze.

24. As a result of defendant SHARMA's material falsehoods and omissions, Bank 1 eventually approved PPP Application 1. On or about April 29, 2020, Bank 1 distributed approximately $562,500 to defendant SHARMA through a wire transfer sent to one of defendant SHARMA's accounts at Bank 2.

25. It was further part of the scheme that defendant SHARMA received approximately $562,000 in fraud proceeds, some of which he distributed and misappropriated, or attempted to distribute and misappropriate, for the personal benefit of himself and other parties in violation of the PPP's requirements. More specifically, rather than use PPP funds for permissible business expenses, such as payroll costs, mortgage interest, rent, or utilities, defendant SHARMA instead transferred approximately $500,000 to a personal account at Bank 2 that he controlled and that was unrelated to "Crosscode dba Kloudgaze," transferred approximately $400,000 from his personal account at Bank 2 to a different personal account at Bank 3, made an approximately $76,300 payment for legal services, made a $5,000 down payment toward the installation of a $64,300 pool at his personal residence, and transferred approximately $14,000 to a financial account in India.

26. On or about the date set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**ADITYA RAJ SHARMA,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, as described below:

| Count | Date of Wire (on or about) | Wire |
|---|---|---|
| 1 | April 26, 2020 | Electronic submission from Minnesota of PPP Application 1, which was routed interstate through Company 1's servers outside of Minnesota. |

All in violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATIONS**

27. Count 1 of this Indictment is incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

28. Upon conviction of any of the offenses alleged in Count 1, as set forth in this Indictment, defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

29. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as

provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY             FOREPERSON