UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-261 (DSD/TNL) |
| Plaintiff, | |
| v. | **ARRAIGNMENT NOTICE & ORDER** |
| Aditya Raj Sharma, | |
| Defendant. | |

---

This matter comes before the Court on Defendant Aditya Raj Sharma's Second Motion for Extension of Time to File Pretrial Motion, ECF No. 22, and Second Motion to Exclude Time Under the Speedy Trial Act, ECF No. 23. Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act, ECF No. 24. Defendant requests a two-month extension of time due to voluminous forthcoming discovery. The Government has no objection to the requested extension.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On November 24, 2020, Chief Judge Tunheim entered General Order No. 22, which continues all in-person hearings, unless the presiding judge determines that an in-person

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 22 (D. Minn. Nov. 24, 2020).

General Order No. 22 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 22 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.  **Accordingly, should Defendant file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to arraignment and a motion hearing by videoconference.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] *See also* General Order No. 19, which went into effect on September 26, 2020, and extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020).

1.      Defendant's Second Motion for Extension of Time to File Pretrial Motions, ECF No. 22, is **GRANTED**.

2.      Defendant's Second Motion to Exclude Time Under the Speedy Trial Act, ECF No. 23, is **GRANTED**.

3.      The period of time from **December 29, 2020, through April 1, 2021**, shall be excluded from Speedy Trial Act computations in this case.

4.      **The arraignment hearing shall take place before the undersigned on April 1, 2021 at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.**

5.      All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **March 5, 2021**.  D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

6.      **Should Defendant file pretrial motions, counsel shall also file a letter on or before March 5, 2021, indicating whether the defendant consents to arraignment and a motion hearing by videoconference**.

7.      Counsel shall electronically file a letter on or before **March 5, 2021**, if no motions will be filed and there is no need for hearing.

8.      All responses to motions shall be filed by **March 19, 2021**. D. Minn. LR 12.1(c)(2).

9.      Any Notice of Intent to Call Witnesses shall be filed by **March 19, 2021**.  D. Minn. LR. 12.1(c)(3)(A).

10. Any Responsive Notice of Intent to Call Witnesses shall be filed by **March 24, 2021**. D. Minn. LR 12.1(c)(3)(B).

11. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

12. **If required, the motions hearing shall take place before the undersigned on April 1, 2021, at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**  D. Minn. LR 12.1(d).

13. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for United States District Judge David S. Doty to confirm the new trial date.**

Dated: January____4____, 2021          _____*s/ Tony N. Leung*_____
                                                                    TONY N. LEUNG
                                                                    United States Magistrate Judge
                                                                    District of Minnesota

                                                                    *United States v. Sharma*
                                                                    Case No. 20-cr-261 (DSD/TNL)