UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 20-261 (DSD/TNL)

United States of America,

        Plaintiff,

v.                                                              **ORDER**

Aditya Raj Sharma,

        Defendant.


This matter is before the court upon defendant Aditya Raj Sharma's motion to correct or amend sentence under 28 U.S.C. § 2255 and motion for a sentence reduction under 18 U.S.C. § 3582. The government opposes the § 2255 motion as untimely and the § 3582 motion as premature. Based on a review of the file, record, and proceedings herein, and for the following reasons, Sharma's motion under § 2255 is dismissed and the motion under § 3582 is stayed.[1]

**BACKGROUND**

On July 28, 2021, Sharma pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343. In March 2022, the court sentenced him to a 60-month term of imprisonment to be followed by two years

---

[1] Motions under § 3582 and the recent amendments to the United States Sentencing Guidelines are being considered through a separate process in this district. As a result, the court will stay a determination on the § 3582 motion pending completion of that process.

of supervised release. Sharma unsuccessfully appealed his sentence to the Eighth Circuit Court of Appeals. The Eighth Circuit entered judgment on June 22, 2022. Sharma did not file a petition for certiorari with the United States Supreme Court. As a result, his conviction became final for purposes of § 2255 on September 20, 2022. Sharma filed his § 2255 motion on October 17, 2023, twenty-seven days late.

Sharma is currently housed at FCP-Duluth and is due to be released on October 13, 2025. On October 17, 2023, Shamra moved pro se to correct or amend sentence under 28 U.S.C. § 2255. He later retained counsel. ECF No. 145. The government now moves to dismiss the motion as time barred.

**DISCUSSION**

**I.   Standard**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations,

2

accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**II.   Timeliness of Motion**

The government moves to dismiss Sharma's motion as untimely under § 2255(f). Relevant here, § 2255 motions must be filed within one year of the latest of:

1. [T]he date on which the judgment of conviction becomes final; [or]

4. [T]he date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1) & (4).

Sharma does not dispute that his conviction became final on September 20, 2022, and that he had one year from that date to timely file a motion under § 2255. He also does not dispute that his motion was untimely under the first relevant clause of § 2255(f), as he filed it nearly a month after the deadline.

Sharma argues, however, that his motion is timely under clause four due to intervening case law that he could not have discovered before the filing deadline. Clause four does not address changes in the law, however. Rather, it addresses the discovery of new

3

"facts" that could support a claim under § 2255.  Sharma raises no such facts here.  As such, clause 4 is inapplicable.

Sharma also argues that the doctrine of equitable tolling applies due to intervening law and the errors of his counsel. Neither argument is tenable.

Equitable tolling applies if the moving party demonstrates that (1) he has diligently pursued his rights, and (2) an extraordinary circumstance prevented timely filing.  Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013).  Sharma contends that new circuit case law supporting his claim that he should be held responsible for actual loss rather than intended loss was issued too close to his filing deadline for him to reasonably discover in time.  But a "decision taken from a federal court of appeals does not provide an independent basis" for equitable tolling.  E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006).

Sharma's contention that his appellate and current counsel's errors fares no better under the law.  "Ineffective assistance of counsel generally does not warrant equitable tolling."  Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002).  Only serious attorney misconduct rather than negligence may warrant such tolling.  United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).  No such misconduct is alleged here.  As a result, Sharma has failed to establish the elements necessary for equitable tolling.

4

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Sharma's claim is barred as untimely, and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 146] is granted;

2. The motion to correct or amend sentence under 28 U.S.C. § 2255 [ECF No. 143] is denied as untimely;

3. The court stays determination of Sharma's motion under 18 U.S.C. § 3582; and

4. A certificate of appealability is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 3, 2024

                                                          s/David S. Doty
                                                          David S. Doty, Judge
                                                          United States District Court