```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             CRIMINAL NO. 20-261 (DSD)
```

United States of America,

        Plaintiff,

v.                                        **ORDER**

Aditya Raj Sharma,

        Defendant.

This matter is before the court upon defendant Aditya Raj Sharma's motion for resentencing. On September 12, 2025, the court sentenced Sharma to six months' imprisonment for violating the terms and conditions of his supervised release. He now argues that he should be resentenced to four months' imprisonment due to his diabetes diagnoses and the need to care for his family.

The First Step Acts allows for a reduction in sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Among them include (1) "suffering from a serious physical or mental condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13, cmt. 1(A); and (2) the "death or incapacitation of the

caregiver of the defendant's minor child." U.S.S.G. § 1B1.13, cmt. 1(C). Sharma meets neither standard.

First, Sharma's claim that he must be released early due to his diabetes is not substantiated. He has submitted a letter from a doctor – who happens to be his wife - explaining that he is not being cared for adequately in prison. ECF No. 214. Aside from the fact that the court has concerns about the obvious conflict of interest posed by his wife providing testimony in this regard, the medical records show that Sharma is being treated on a frequent basis by medical staff for diabetes management, among other things. See id. There are no indications in those records that his condition is dire or cannot be managed in custody. See id. The court is aware that diabetes is a serious medical condition, but it cannot conclude that Sharma's circumstances meet the high bar for a reduced sentence.

Second, Sharma argues that he should be released because he needs to care for his family. As indicated above, caring for family is a basis for release only on the "death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13, cmt. 1(C). Those circumstances are simply not present here. See EXC No. 215.

2

Accordingly, **IT IS HEREBY ORDERED** that the motion for resentencing [ECF No. 213] is denied.

Dated: November 17, 2025

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court